IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD L. INGALLS, ) | |
| ) | |
| Plaintiff, ) | Case No. CV04-295-N-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| MOBILE CORRAL, INC., et al, ) | |
| ) | |
| Defendants. ) | |

      Pending before the Court in the above-entitled matter is Defendants' motion to dismiss ERISA claim, to dismiss, or change venue. The parties have filed responsive briefing and the matter is now ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

**Factual and Procedural Background**

      Plaintiff, Donald L. Ingalls, filed the instant complaint against his former employer Defendant, Mobile Corral, Inc., and its owners Defendants, Gary and Helene Austin. Mobile Corral is a mobile home dealer with its principal place of business in Spokane County, Washington. A second office was operated in Post Falls, Idaho but was closed in 2002. Mr. Ingalls worked as a salesman for Mobile Corral from 1986 to 1993 in the Spokane office until his stroke, when he began working part-time in the Post Falls office until he retired in 1996. Mr. Ingalls is a citizen of the state of Idaho. Mr. and Mrs. Austin are residence of the state of Washington.

      Mr. Ingalls alleges that the Defendants made monthly retirement payments to Mr. Ingalls from 1996 to 2000 when, because of the slow economy, Defendants reduced the amount of the monthly payment. Defendants again reduced the amount of the payment in 2001. Ultimately, in

MEMORANDUM ORDER - Page 1
05ORDERS\Ingalls_venue.WPD

2002, Defendants terminated the monthly payments. As a result, Mr. Ingalls filed this action alleging an ERISA violation, breach of contract, and breach of good faith and fair dealing. In response, Defendants filed this motion to dismiss. The motion to dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406 for improper venue. Alternatively, Defendants' motion seeks a change of venue pursuant to 28 U.S.C. § 1404.

## Standards of Law

Once challenged, the plaintiff bears the burden of proving both venue and personal jurisdiction are proper. On a Rule 12(b)(2) motion to dismiss the Plaintiff need only make a prima facie showing of facts supporting jurisdiction through its pleadings and affidavits to avoid dismissal. Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1119 (9th Cir. 2002) (citing Myers v. Bennett Law Offices, 238 F.3d 1068, 1071 (9th Cir. 2001)). The Court accepts as true Plaintiff's uncontroverted allegations, and resolve in its favor factual conflicts contained in the parties' filings. Id. (AT & T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996)). For Rule 12(b)(3) motions, however, do not require that the pleadings be accepted as true. See Murphy v. Schneider National, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted). Fact supporting venue may be shown by declaration, affidavit, testimony, or other evidence.

## Discussion

Defendants' motion asserts the ERISA claim should be dismissed because this Court is without personal jurisdiction and that venue in this district is improper and the case should either be dismissed or transferred to the Eastern District of Washington. Alternatively, Defendants contend that if venue is found to be appropriate that transfer is still warranted for the convenience of the parties pursuant to 28 U.S.C. § 1406. Plaintiff opposes the motion arguing this Court may properly exercise personal jurisdiction over the Defendants, that venue in Idaho is proper, and that Idaho is a more convenient forum thus transfer under § 1406 is improper.

1)  <u>Motion to Dismiss for Lack of Personal Jurisdiction</u>:

Plaintiff asserts personal jurisdiction over the Defendants in Idaho is proper pursuant to Federal Rule of Civil Procedure 4(e), service of process, and the Idaho long arm statute, Idaho Code § 5-514. Defendants maintain personal jurisdiction cannot be established against each of the Defendants.

The applicable ERISA statute, 29 U.S.C. § 1132(e)(2), states:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

Section 1132(e)(2) authorizes nationwide service of process in ERISA actions. See <u>Cripps v. Life Ins. Co. of North America</u>, 980 F.2d 1261, 1267 (9th Cir. 1992). Where a federal statute provides for nationwide service, as here, so long as process is validly served and there exist minimum contacts between the defendant and the United States, then personal jurisdiction is satisfied for cases brought in the United States. <u>Id.</u>; see also <u>Waeltz v. Delta Pilots Retirement Plan</u>, 301 F.3d 804, 808 n. 2 (7th Cir. 2002). Thus, the inquiry focuses on the defendant's contacts with the United States, not the individual state. See <u>Sec. Investor Prot. Corp. v. Vigman</u>, 764 F.2d 1309, 1315 (9th Cir. 1985). The Defendants have not contested the sufficiency of service. Because the Defendants in this case were properly served and are all residence of the state of Washington they, therefore, have the requisite contacts with the United States to be subject to personal jurisdiction. The motion to dismiss for lack of personal jurisdiction is denied.

2)  <u>Motion to Dismiss for Improper Venue</u>:

The Defendants assert dismissal is proper pursuant to Rule 12(b)(3) because Idaho is an improper venue. Defendants point to the complaint which cites 28 U.S.C. § 1391 as the basis for venue and argue venue is proper only where 1) all defendants reside, 2) a substantial part of the events giving rise to the claim occurred, and 3) any defendant is subject to personal jurisdiction at the time of the commencement of the action if no other district in which the claim may otherwise be brought. Because Idaho is not one of the three forums provided for in § 1391, Defendants contend, that the matter should be dismissed or transferred pursuant to 28 U.S.C. § 1406. Plaintiff

MEMORANDUM ORDER - Page 3
05ORDERS\Ingalls_venue.WPD

asserts that § 1132(e)(2) allows for proper venue where a defendant "may be found," which provides for proper venue where sufficient minimum contacts exists. Plaintiff further argues because this Court has personal jurisdiction over the defendants, Plaintiff maintains venue is also appropriate.   The Court rejects Plaintiff's argument that since personal jurisdiction exists by way of national service of process so too does venue. See Waeltz, 301 F.3d at 808 ("To allow venue wherever personal jurisdiction exists would allow nationwide venue, because § 1132(e)(2)'s nationwide service of process clause creates nationwide jurisdiction.  If such were the intent of Congress, there would have been no reason for Congress to provide specifically for venue where a plan is administered or where a breach took place."). Instead for purposes of venue under ERISA, venue is proper in a district where a defendant can be "found" such that the defendant has "minimum contacts" with the district as contemplated by International Shoe and its progeny. See Varsic v. United States District Court for the Central District of California, 607 F.2d 245 (9th Cir. 1979).  Thus, to determine whether venue in this district is appropriate, the Court must decide whether the Defendants in this case possess the necessary minimum contacts with Idaho. Id. at 248. International Shoe requires "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); see also Kulko v. Superior Court of California, 436 U.S. 84, 92 (1978).  Defendant's conduct must be such that the defendant would anticipate being hauled into court in the forum. World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980).  Such is the case where a defendant 'purposefully directs' its activities towards the forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).  Mere presence of plan participants in the forum, absent any other contact, however, does not give rise to proper venue. See Waeltz, 301 F.3d at 810-11.

Plaintiff points Defendants' contacts in having engaged in business in Idaho and purposefully directed their activities in Idaho. Plaintiff argues both general and specific jurisdiction are proper.  Defendants argue insufficient contacts with all Defendants exist, in particular with the individually named defendants.

Mobile Corral is registered to do business in Idaho and actually does engage in business in the state of Idaho. For a period of time Mobile Corral maintained an office in Post Falls, Idaho until it was closed in 2001; after which they left a large advertisement sign in place (Dkt. No. 24, Exhibit G), maintained their registration in Idaho, and possessed an active phone number in Idaho in case the location could be re-opened. In addition, the corporation's website advertised in Idaho. (Dkt. No. 23, Exhibit E). Further, Mobile Corral has arguably paid retirement benefits to Plaintiff in Idaho. There are clearly sufficient minimum contacts between Mobile Corral, Inc. and Idaho to find venue proper in this district. The evidence shows that Mobile Corral, Inc. directs its activities into Idaho and purposefully availed itself of the benefits of doing business in Idaho. The motion to dismiss as to Defendant Mobile Corral, Inc. is denied.

As to the individual Defendants, Helene and Gary Austin, the Defendants argue the complaint fails to identify a claim against the Austins individually nor are there any allegations by the Plaintiff against the Austins personally. Defendants argue "It is settled that jurisdiction over individual officers and employees of a corporation may not be predicated merely upon jurisdiction over the corporation." Idaho Potato Commission v. Washington Potato Commission, 410 F.Supp. 171, 180-81 (D.Idaho 1975) (citations omitted). "[J]urisdiction over individual officers and employees of a corporation may not be predicated on the court's jurisdiction over the corporation itself, unless the individuals are engaged in activities within the jurisdiction that would subject them to the coverage of the state's long-arm statute." Id. (quoting Wright & Miller, Federal Practice and Procedure, Civil § 1069, Supp. p. 28 (1976)). In that case, however, the court was deciding personal jurisdiction. While the precepts may be similar, the issue here is venue and whether there are minimum contacts such that it does not offend 'traditional notions of fair play and substantial justice to exercise venue under the broad ERISA provision.

The Court finds that the Austins have sufficient minimum contacts with Idaho to allow venue to rest in this district. ERISA's is remedial legislation and its venue provision is to be construed liberally so as to allow plaintiffs an expansive range of venue locations. See Varsic, 607

F.2d at 248. Mrs. Austin is listed as an officer[1] of Mobile Corral on the 2004 Annual Report Form. (Dkt. No. 23, Exhibit C) and as the registered agent for the corporation in Idaho. (Dkt. No. 23, Exhibit D). The complaint alleges Gary Austin and his wife Helene Austin are the owners of Mobile Corral. (Dkt. No. 1). The 2004 Annual Report Form indicates Mr. Austin is the president of Mobile Corral and he has signed this report. (Dkt. No. 23, Exhibit C). The Austins' have directed their activities as to Mr. Ingalls into Idaho such that the Court finds it is fair that venue lie in this district. The Austins sent correspondence to Mr. Ingalls in Idaho and the complaint alleges that the Austins made promises of a lifetime retirement plan. Mr. Ingalls claims he worked in Idaho, and arguably earned benefits in Idaho and was receiving retirement benefits in Idaho. Thus, the Court finds venue as to all Defendants in this action is proper in the District of Idaho and the motion to dismiss is denied.

3)      <u>Motion for Change of Venue</u>:

Since the Court concluded that venue is proper in this District, Defendants alternative argument seeks a transfer of venue pursuant to 28 U.S.C. § 1404 for convenience of the parties. Defendants maintain that the corporation, witnesses, Defendants, evidence, and actions giving rise to the claims all arose in Washington and, therefore, it is the proper venue for this matter. Plaintiff opposes the request arguing any benefit to the Defendants is minimal and the Defendants have failed to satisfy their burden on this motion.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The threshold inquire is whether the claim could have been raised in another venue. <u>Arley v. United Pacific Ins. Co.</u>, 379 F.2d 183, 189 (9th Cir. 1967). In this case because all Defendants reside in the Eastern District of Washington, Plaintiff's claims could have been raised in that district under § 1132(e). Since the threshold inquiry is satisfied here, the Court is afforded wide discretion to determine whether transfer of an action under § 1404(a) is in the interest of justice. <u>Id.</u>

---

[1] The Court is unable to decipher the handwriting as to which office Mrs. Austin holds.

In determining whether to transfer venue under § 1404(a), the Court must weigh multiple factors including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Because there is a presumption in favor of the plaintiff's choice of forum, the Defendants must make a strong showing of inconvenience to warrant transferring venue. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

While this case could have undoubtedly been brought in Washington, the Court finds the convenience of the parties and witnesses can be served in either Idaho or Washington. In fact, the Court, having a great deal of experience in the geographic location, finds that when viewing the applicable factors above the two venues are nearly equal in terms of convenience of the parties. The two cities here are no more than thirty miles apart. Thus, while the Defendants are located in Washington and the Plaintiff is in Idaho there is little difference between the two venues in terms of the inconvenience and cost factors. Based on the foregoing the Court finds the Defendants have failed to satisfy their burden to show an inconvenience to the parties sufficient to warrant a transfer of venue under § 1404. Therefore, the motion for transfer of venue is denied.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **DENIES** Defendants' Motion to Dismiss or Change Venue (Dkt. No. 11). The case is referred to Magistrate Judge Larry M. Boyle, for all pretrial matters.

DATED: **September 21, 2005**

Honorable Edward J. Lodge
U. S. District Judge